UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

       - v. -                      :        08 Cr. 354 (BSJ)

MIGUEL MCKINLEY,                    :
  a/k/a "Miguel A. Custodio,"
  a/k/a "Miquel Custodio,"         :
  a/k/a "Trijad Nelson,"
  a/k/a "Nelson Trijad,"           :
  a/k/a "Miguel Sosa,"
                       :
             Defendant.
                       :
- - - - - - - - - - - - - - - - x


## **GOVERNMENT'S REQUESTS TO CHARGE**


                                 MICHAEL J. GARCIA
                                 United States Attorney
                                 Southern District of New York

                                 Attorney for the United States
                                 of America


AMY LESTER
DAVID S. LEIBOWITZ
Assistant United States Attorneys

    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

          - v. -                  :          08 Cr. 354 (BSJ)

MIGUEL MCKINLEY,                  :
    a/k/a "Miguel A. Custodio,"
    a/k/a "Miquel Custodio,"      :
    a/k/a "Trijad Nelson,"
    a/k/a "Nelson Trijad,"        :
    a/k/a "Miguel Sosa,"
                                  :
                Defendant.
                                  :
- - - - - - - - - - - - - - - - x

<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

          Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following in its charge to the Jury.

TABLE OF CONTENTS

PAGE

No. 1    Customary Charges . . . . . . . . . . . . . . .    1

No. 2    The Indictment  . . . . . . . . . . . . . . . .    2

No. 3    The Indictment and the Statute: Possession of
         Firearm By a Convicted Felon
         (18 U.S.C. § 922(g)(1)) . . . . . . . . . . .    3

No. 4    Possession of Firearm By a Convicted Felon:
         Purpose of the Statute . . . . . . . . . . . .    4

No. 5    Possession of Firearm By a Convicted Felon:
         Elements of the Offense . . . . . . . . . . .    6

No. 6    Possession of Firearm By a Convicted Felon:
         First Element — Defendant's Prior Conviction  . . . .    7

No. 7    Possession of Firearm By a Convicted Felon:
         Second Element — "Knowingly Possessed" . . . . . . .    9

No. 8    Possession of Firearm By a Convicted Felon:
         Third Element — "In or Affecting Interstate
         or Foreign Commerce" . . . . . . . . . . . .    12

No. 9    Venue . . . . . . . . . . . . . . . . . . . .    14

No. 10   Defendant's Testimony [If applicable] . . . . . . .    16

No. 11   Defendant's Right Not to Testify [If applicable]  .    17

No. 12   Particular Investigative Techniques Not Required
         [If applicable] . . . . . . . . . . . . . . .    18

No. 13   Use of Evidence Obtained at Time of Arrest  . . . .    19

No. 14   Preparation of Witnesses [If applicable]. . . . . .    .20

No. 15   Expert Testimony [If applicable] . . . . . . . .    21

No. 16   Law Enforcement Witnesses . . . . . . . . . . .    23

No. 17   Character Witnesses [If and as applicable] . . . .    24

No. 18   Stipulations . . . . . . . . . . . . . . . . .    26

No. 19     Variance  . . . . . . . . . . . . . . . . . . .  27

No. 20     Defendant's Flight and Resistance to Arrest
           As Consciousness of Guilt . . . . . . . . . . .  28

No. 21     Conclusion  . . . . . . . . . . . . . . . . . .  30

REQUEST NO. 1

Customary Charges


The Government respectfully requests that the Court provide its customary charge with respect to the following matters:

a.   Function of Court and Jury

b.   All Parties as Equals Before the Court

c.   What Is and Is Not Evidence

d.   Rulings on Evidence and Objections

e.   Burden of Proof and Presumption of Innocence

f.   Reasonable Doubt

g.   Government Treated Like Any Other Party

h.   Definitions and Examples of Direct and Circumstantial Evidence

i.   Inferences

j.   Credibility of Witnesses

k.   Right to See Exhibits and Have Testimony Read During Deliberations

l.   Sympathy:  Oath as Jurors

m.   Punishment Is Not to Be Considered by the Jury

n.   Verdict of Guilt or Innocence Must be Unanimous

REQUEST NO. 2

The Indictment

The defendant is formally charged in an Indictment.
The Indictment is a charge or accusation.  It is not evidence.
The Indictment in this case contains one count, that is, one
charge, against the defendant.  I will first summarize the
offense charged in the Indictment.  Then I will explain in detail
the elements of the offense.

REQUEST NO. 3

The Indictment and the Statute:
Possession of Firearm By a Convicted Felon
(18 U.S.C. § 922(g)(1))

The Indictment charges that, on or about January 22, 2008, in the Southern District of New York, MIGUEL MCKINLEY, the defendant, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, unlawfully, willfully, and knowingly did possess in and affecting commerce, a firearm, to wit, a loaded Lorcin .380 caliber automatic handgun, which previously had been shipped and transported in interstate commerce.

The relevant statute for this charge is Title 18, United States Code, Section 922(g)(1).  Title 18, United States Code, Section 922(g)(1) provides, in relevant part, that it is a crime for a person:

> who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, . . . to . . . possess in or affecting commerce, any . . . firearm or ammunition . . . .

> Adapted from Sand, Siffert, Loughlin, Reiss, & Batterman, Modern Federal Jury Intructions, Instr. 35-45; the charges of Hon. Deborah A. Batts in United States v. Yadullah Muhammad, 06 Cr. 1077 (DAB) (S.D.N.Y. June 18, 2008); Hon. William H. Pauley in United States v. Kareem Edwards, 07 Cr. 719 (WHP) (S.D.N.Y. Dec. 11, 2007).

3

REQUEST NO. 4

Possession of Firearm By a Convicted Felon:
Purpose of the Statute

The Indictment charges the defendant, MIGUEL MCKINLEY, with a violation of the federal firearms statutes.  A word about those statutes in general.  Congress was of the view that the ease with which persons, including convicted felons, were able to acquire firearms was a significant factor in the prevalence of violent crime in the United States, and that federal control over gun dealers and the restriction of the distribution of firearms would be helpful to state and local authorities in addressing this problem.  Accordingly, Congress passed a series of laws designed to give support to federal, state and local law enforcement officials in combating crime and violence.

In general, these laws include provisions which prohibit certain categories of people from possessing or receiving firearms and/or ammunition that were shipped in interstate or foreign commerce.  The Government contends that the defendant is within the class of people prohibited from possessing any firearm shipped in interstate or foreign commerce because he previously had been convicted of a crime punishable by more than a year in jail.

In your role as jurors, you are not to be concerned with the wisdom or the policy of these laws.  Your verdict must

4

be based on the evidence in this case.  Your verdict may not be

based on your personal approval or disapproval of the firearm

laws passed by Congress.

> Adapted from Sand et al., Modern Federal Jury
> Instructions, Instr. 35-46; the charges of
> Hon. Sidney H. Stein in United States v.
> Raphael Rodriguez, 07 Cr. 749 (SHS) (S.D.N.Y.
> Dec. 12, 2007); Hon. John F. Keenan in United
> States v. Tyrone Laster, 06 Cr. 1064 (JFK)
> (S.D.N.Y. Oct. 24, 2007).

<u>REQUEST NO. 5</u>

Possession of Firearm By a Convicted Felon:
<u>Elements of the Offense</u>

In order to sustain its burden of proof, the Government must prove each of the following three elements beyond a reasonable doubt:

<u>First</u>, that the defendant previously was convicted of a crime punishable by imprisonment for a term exceeding one year, or in other words, a felony;

<u>Second</u>, that on or about the date specified in the Indictment – January 22, 2008 – the defendant knowingly possessed a firearm or ammunition; and

<u>Third</u>, that the defendant's possession of the firearm or ammunition was in or affecting interstate or foreign commerce.

Adapted from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 35-47; the charges of Hon. Jed S. Rakoff in <u>United States</u> v. <u>Damian Brown et al.</u>, 05 Cr. 538 (JSR) (S.D.N.Y. June 20, 2008); Hon. Deborah A. Batts in <u>United States</u> v. <u>Yadullah Muhammad</u>, 06 Cr. 1077 (DAB) (S.D.N.Y. June 18, 2008); Hon. Sidney H. Stein in <u>United States</u> v. <u>Raphael Rodriquez</u>, 07 Cr. 749 (SHS) (S.D.N.Y. Dec. 12, 2007).

6

<u>REQUEST NO. 6</u>

Possession of Firearm By a Convicted Felon:
<u>First Element -- Defendant's Prior Conviction</u>

The first element the Government must prove beyond a reasonable doubt is that the defendant, MIGUEL MCKINLEY, had been convicted of a crime punishable by imprisonment for a term exceeding one year, <u>i.e.</u>, a felony, in a court of the United States or any State prior to the date he is charged with possessing the firearm.  The Government need not prove that the defendant knew that his prior conviction was punishable by a term of imprisonment for more than one year, nor is it necessary for the defendant to have been actually sentenced to imprisonment for more than one year.  For purposes of the crime charged, it does not matter whether a conviction resulted from a guilty plea or trial.

In this case, the government and the defendant have entered into a stipulation, which is an agreement by both sides, that the defendant was convicted in a New York State court of a felony punishable by imprisonment for a term exceeding one year. This conviction occurred prior to the time that the defendant is alleged to have possessed the firearm as charged in the indictment.  As I will explain shortly, you must accept as true these agreed-upon facts.

7

I instruct you that the prior conviction that is not disputed is only to be considered by you for the fact that it exists and nothing else.  You are not to consider it for any other purpose.  You are not to speculate as to what the prior conviction was for.  You may not consider it in deciding whether the defendant was in knowing possession of the firearm as charged in the Indictment.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 35-48; the charges of Hon. Deborah A. Batts in United States v. Yadullah Muhammad, 06 Cr. 1077 (DAB) (S.D.N.Y. June 18, 2008); Hon. Sidney H. Stein in United States v. Raphael Rodriguez, 07 Cr. 749 (SHS) (S.D.N.Y. Dec. 12, 2007).

<u>REQUEST NO. 7</u>

Possession of Firearm By a Convicted Felon:
<u>Second Element -- "Knowingly Possessed"</u>

The second element that the Government must prove beyond a reasonable doubt is that, on or about January 22, 2008, the defendant knowingly possessed or received a firearm or ammunition.

<u>"Firearm" Defined</u>

Under the statute on which this charge is based, the term "firearm" means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  Common sense will tell you that a gun meets the statutory definition of a firearm.

[*If applicable:*  In this case, the government and the defendant have entered into a stipulation, that is, an agreement, that the gun in this case meets the statutory definition of a "firearm."]

<u>"Possession" Defined</u>

The word "possess" means to have something within your control.  It does not necessarily mean that you physically have it in your hand.  As long as an object is within a person's control, he or she possesses it.  For example, you possess things that are in your home even though, sitting here in court, you are

9

not holding those possessions.  Thus, as long as an object is in a person's control, he or she possesses it.

Thus, if you find the defendant had the firearm in his hands or on his person on or about the date alleged in the Indictment, or that it was within his control, you may find that he had possession of that firearm.  Proof of ownership is not required.  Furthermore, the length of time of the possession is not an element of the charge.  Therefore, you may find that the defendant possessed the firearm even if you find that the duration of possession was brief.

### "Knowingly" Defined

You must also find that the defendant <u>knowingly</u> possessed the firearm or ammunition.  This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake.  In other words, it means the defendant knew he possessed the firearm.  It also means that he knew that the weapon was a "firearm", as we commonly use that word.  However, the Government is not required to prove that the defendant knew he was breaking the law.  Furthermore, the reason why the gun was possessed is not relevant.

> <u>See</u> 18 U.S.C. §§ 921(a)(3)(A);
> 921(a)(17)(A).  Adapted from Sand <u>et al.</u>,
> <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr.
> 35-49; the charges of Hon. John F. Keenan
> in <u>United States</u> v. <u>Tyrone Laster</u>, 06 Cr.
> 1064 (JFK) (S.D.N.Y. Oct. 24, 2007); Hon.
> Barbara S. Jones in <u>United States v.</u>

Aleksander Vashja, 06 Cr. 338 (BSJ)
(S.D.N.Y. Nov. 7, 2006); Hon. Deborah A.
Batts in United States v. Yadullah
Muhammad, 06 Cr. 1077 (DAB) (S.D.N.Y. June
18, 2008); Hon. Sidney H. Stein in United
States v. Raphael Rodriguez, 07 Cr. 749
(SHS) (S.D.N.Y. Dec. 12, 2007).

REQUEST NO. 8

Possession of Firearm By a Convicted Felon:
Third Element -- "In or Affecting Interstate or Foreign Commerce"

The third element that the Government must prove beyond a reasonable doubt is that the firearm that the defendant is charged with possessing was in or affecting interstate or foreign commerce.

This means that the Government must prove that, at some time before the defendant's possession, the firearm had traveled in interstate or foreign commerce.  In this regard, it is sufficient for the Government to satisfy this element by proving that, at any time before the defendant's possession, the firearm moved over a state line or crossed international borders.  For example, if the firearm came from any other state to New York, then it was transported or shipped in interstate commerce, or if the firearm came from any other country to the United States, then it was transported or shipped in foreign commerce.

The Government does not have prove that the defendant himself carried the firearm across a state line or the United States border, nor must the Government prove who carried it across or how it was transported.  It is also not necessary for the Government to prove that the defendant knew that the firearm had previously crossed a state or national border.

12

[*If applicable:* In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the firearm that MIGUEL MCKINLEY is charged with possessing was in or affecting interstate or foreign commerce.]

Adapted from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 35-50; the charge of Hon. Deborah A. Batts in <u>United States</u> v. <u>Yadullah Muhammad</u>, 06 Cr. 1077 (DAB) (S.D.N.Y. June 18, 2008).  <u>See</u> <u>United</u> <u>States</u> v. <u>Sanders</u>, 35 F.3d 61, 62 (2d Cir. 1994) (holding that the interstate commerce element is satisfied if the firearm previously had traveled in interstate commerce at some point).

13

REQUEST NO. 9

Venue

In addition to the elements I have described for you, you must decide whether any act in furtherance of the crime charged occurred within the Southern District of New York.  The Government has offered evidence that the defendant possessed the firearm in the Bronx.  I instruct you that the Bronx is in the Southern District of New York.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime charged occurred in this District.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant.

Adapted from Modern Federal Jury
Instructions, Instr. 3-11; the charges of
Hon. Deborah A. Batts in United States v.
Yadullah Muhammad, 06 Cr. 1077 (DAB)
(S.D.N.Y. June 18, 2008); Hon. Sidney H.
Stein in United States v. Raphael Rodriquez,
07 Cr. 749 (SHS) (S.D.N.Y. Dec. 12, 2007).

14

<u>See</u> 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another).  <u>See</u> <u>also</u> <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

REQUEST NO. 10

Defendant's Testimony
[If applicable]

As you saw, the defendant took the witness stand and testified.  I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case.  You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

> Adapted from Sand et al., Modern Federal Jury
> Instructions, Instr. 7-4.  See United States
> v. Gaines, 457 F.3d 238, 240 (2d Cir. 2006)
> ("[W]e find error in the instruction that the
> defendant's interest in the outcome of the
> case created a motive to testify falsely, and
> we prohibit the use of such instructions in
> future trials.  We also express our
> disapproval of instructions that highlight a
> testifying defendant's deep personal interest
> in the outcome of a trial.  We recommend that
> a witness's interest in the outcome of the
> case be addressed in the court's general
> charge concerning witness credibility; if the
> defendant has testified, the trial court
> should tell the jury to evaluate the
> defendant's testimony in the same way it
> judges the testimony of other witnesses.")

16

REQUEST NO. 11

### Defendant's Right Not to Testify
[If applicable and requested by defense]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury
Instructions, Instr. 5-21.

17

REQUEST NO. 12

Particular Investigative Techniques Not Required
[If applicable]

You may have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities.  You may consider this fact in deciding whether the Government has met its burden because you should look to all of the evidence, or lack of evidence, in deciding whether the defendant is guilty beyond a reasonable doubt.  There is no requirement, however, that the Government prove its case through any particular means.  While you are to consider carefully the evidence presented by the Government, you need not speculate as to why the Government used the techniques it did, or why it did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence, the guilt of the defendant has been proved beyond a reasonable doubt.

Adapted from the charges of Hon. Deborah A. Batts in United States v. Yadullah Muhammad, 06 Cr. 1077 (DAB) (S.D.N.Y. June 18, 2008); Hon. William H. Pauley in United States v. Kareem Edwards, 07 Cr. 719 (WHP) (S.D.N.Y. Dec. 11, 2007).

18

<u>REQUEST NO. 13</u>

<u>Use of Evidence Obtained at Time of Arrest</u>

You have heard testimony that the police apprehended the defendant, MIGUEL MCKINLEY, and that the police recovered a firearm. The evidence recovered at the time of the defendant's arrest was properly admitted in this case and may properly be considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations, because I now instruct you that the Government's use of this evidence is entirely lawful.

Therefore, regardless of your personal opinions, you may give this evidence full consideration, along with all the other evidence in the case, in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of Hon. Robert P. Patterson in <u>United States</u> v. <u>Rafael Barrios</u>, 07 Cr. 658 (RPP) (S.D.N.Y. Feb. 27, 2008); Hon. Richard M. Berman in <u>United States</u> v. <u>Shawn Young</u>, 06 Cr. 495 (RMB) (S.D.N.Y. Nov. 30, 2007).

REQUEST NO. 14

Preparation of Witnesses
[If applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

You may consider that fact when you are evaluating a witness's credibility. But I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of Hon, Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. Nov. 4, 1999).

20

REQUEST NO. 15

Expert Testimony
[If applicable]

You have heard testimony from what we call an expert witness.  An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his opinions as to relevant matters in which he professes to be expert and give his reasons for his opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

21

On the other hand, if you find that the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing great reliance on his testimony.

> Adapted from the charge of Hon. Robert P. Patterson in <u>United States</u> v. <u>Rafael Barrios</u>, 07 Cr. 658 (RPP) (S.D.N.Y. Nov. 29, 2007).

22

REQUEST NO. 16

Law Enforcement Witnesses

You have heard testimony from law enforcement officials, including police officers.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness, as it is with every other type of witness, and to give that testimony whatever weight, if any, you find you find it deserves.

Adapted from Sand, et al., Modern Federal
Jury Instructions, Instr. 7-16; the charge
of Hon. Naomi Reice Buchwald in United
States v. Tone Grant, 05 Cr. 1192 (NRB)
(S.D.N.Y. Apr. 16, 2008).

23

REQUEST NO. 17

Character Witnesses
[If and as applicable]

The defendant has called witnesses who have given their opinion of the defendant's character. This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime charged.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-15; the charge in United States v. Pujana-Mena, 949 F.2d 24, 27 (2d Cir. 1991) (specifically approving charge).

> A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. Pujana-Mena, 949 F.2d at 31-32 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit notes that "it might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime. In cases where

24

the defendant testifies, character evidence
may also be used by the jury to help it
determine whether the defendant was truthful
on the stand."  Id. at 30 (citations
omitted).

REQUEST NO. 18

Stipulations

In this case, you have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

[*If applicable:* In this case, you have also heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony in court.  However, it is for you to determine the effect and weight to be given that testimony.]

Sand et al., Modern Federal Jury Instructions, Instrs. 5-6 and 5-7.

26

REQUEST NO. 19

Variance

It does not matter if the Indictment alleges that a specific act occurred on or about a certain date and testimony indicates that in fact it was on another date.  The law does not require exact precision.  It only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3-12; the charges of Hon. Naomi Reice Buchwald in United States v. Adrean Francis, 06 Cr. 80 (NRB) (S.D.N.Y. March 3, 2008); Hon. Leonard B. Sand in United States v. Daniel Deandrade, 07 Cr. 12 (LBS) (S.D.N.Y. Apr. 16, 2008).

27

REQUEST NO. 20

Defendant's Flight and Resistance to Arrest as
Evidence of Consciousness of Guilt

You have heard evidence that the defendant fled after he was approached by the police and resisted arrest.  If proved, the flight of a defendant after he thinks he is to be accused of a crime may tend to prove that the defendant believed he was guilty.  Similarly, if proved, the resistance of arrest may tend to prove that the defendant believed he was guilty.  These may be weighed by you in this connection, together with all the evidence.

However, flight or resistance to arrest may not always reflect feelings of guilt.  Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.

You are specifically cautioned that evidence of flight of a defendant or of resistance to arrest by a defendant may not be used by you as a substitute for proof of guilt.  Flight or resistance to arrest does not create a presumption of guilt.

Whether or not evidence of flight or resistance to arrest does show that the defendant believed that he was guilty, and the significance, if any, to be given to the defendant's feelings on this matter are for you to determine.

28

Sand, et al., Modern Federal Jury
Instructions, Instr. 6-9 (citing United
States v. Amuso, 21 F.3d 1251 (2d Cir.
1994)); see also United States v. Martinez,
681 F.2d 1248, 1259 (10th Cir. 1982)("the
fact of an accused's flight, escape from
custody, resistance to arrest, concealment,
assumption of a false name, and related
conduct are admissible as consciousness of
guilt").

REQUEST NO. 21

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  To return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.  Remember at all times, you are not partisans.  You are

30

judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

> Adapted from the charges of Hon. Barbara S. Jones in <u>United States</u> v. <u>Frederick Rowe</u>, 02 Cr. 756-01 (BSJ) (S.D.N.Y. 2007); Hon. Laura Taylor Swain in <u>United States</u> v. <u>Ellis Williams Gomez</u>, 06 Cr. 571 (LTS) (S.D.N.Y. 2007).

Dated:      New York, New York
            September 2, 2008

                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York


            By: _____/s/_____
                Amy Lester
                David S. Leibowitz
                Assistant United States Attorneys
                (212) 637-2416/1947

CERTIFICATE OF SERVICE

I, Amy Lester, declare that I am employed in the Office of the United States Attorney for the Southern District of New York, and on September 2, 2008, I caused a copy of the attached Government's Requests to Charge to be served by electronic notification to the following counsel:

Roland Thau, Esq.
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

Dated:    New York, New York
          September 2, 2008

_____/s/_____
Amy Lester
Assistant United States Attorney